IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CLIFFORD GARDNER | :2:CV-03816 |
| (PLAINTIFF) | : |
| vs. | : |
| | : |
| TODD BUSKIRK | : |
| (Defendant) | : |

**NOTICE UNDER LOCAL RULE 7.1(c) & (d)**

The above referenced defendant, Todd Buskirk by and through his counsel, David P. Karamessinis, Esquire of the law firm of Devlin and Devine has filed a Motion for Summary Judgment along with a supporting brief and has served these documents through regular mail upon plaintiff, who is pro se. Any reply or opposing memorandum is due within fourteen (14) days of November 15, 2002. If no responsive brief is filed within that time period, the Court shall grant defendant's Motion.

              DEVLIN & DEVINE

            By: _____
              David P. Karamessinis, Esquire
              Attorney for Defendant

              100 West Elm Street, Suite 200
              Conshohocken, PA  19428
              (610) 397-4635

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CLIFFORD GARDNER | :2:CV-03816 |
| (PLAINTIFF) | : |
| vs. | : |
| | : |
| TODD BUSKIRK | : |
| (Defendant) | : |

**O R D E R**

AND NOW, this   day of   , 2002 upon consideration of defendant's Motion for Summary Judgment, the Motion is granted and plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
J.

THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CLIFFORD GARDNER | :2:CV-03816 |
| (PLAINTIFF) | : |
| vs. | : |
| | : |
| TODD BUSKIRK | : |
| (Defendant) | : |

**DEFENDANT, TODD BUSKIRK'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Todd Buskirk by and through his attorney, David P. Karamessinis, Esquire of the law firm of Devlin and Devine hereby files the within Motion for Summary Judgment and relies on the attached brief in support.

                      DEVLIN AND DEVINE

BY: _____
David P. Karamessinis, Esquire
Attorney for Defendant
100 West Elm Street, Suite 200
Conshohocken, PA  19428
(610) 397-4635

Date: _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CLIFFORD GARDNER | :2:CV-03816 |
| (PLAINTIFF) | : |
| vs. | : |
| | : |
| TODD BUSKIRK | : |
| (Defendant) | : |

**DEFENDANT, TODD BUSKIRK'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**I.      FACTS**

On or about June 11, 2002, plaintiff John Clifford Gardner filed suit against Warden Todd Buskirk of the Northampton County Prison alleging that he was an inmate in Northampton County Prison and was detained at the prison one week beyond his release date. (Exhibit "A," at pages 3-4). Plaintiff claimed that he requested to be released on his release date, but that his request was not complied with, and he was finally released on October 1, 2001. (Exhibit "A," at 3-4). Plaintiff further claims that during the week plaintiff was kept in prison beyond his release date, the prison either refused or forgot to give plaintiff his psychiatric medication.

In fact, the "discharge documents" produced by the prison and the Affidavit signed by the Corrections Officer who actually discharged the plaintiff establish that plaintiff was discharged on his expected "release date" of September 24, 2001. (Exhibit "A," "discharge documents," and Exhibit "B," Affidavit).

**II.     LEGAL ARGUMENT**

     **A.      STANDARD FOR SUMMARY JUDGMENT**

4

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be entered forthwith if the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material facts, and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). This Rule was interpreted by the Supreme Court as follows:

> …the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(emphasis supplied). The burden on the party moving for summary judgment is not to show the "absence of a genuine issue of material fact," but rather to show "an absence of evidence to support the non-moving party's case." Id. at 325. Although all evidence must be viewed in a light most favorable to the non-moving party, see Adickes v. S.H. Kress & Co. 398 U.S. 144 (1970), "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but …must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), quoting, Fed. R. Civ. P. 56(e). There is no issue for trial unless there is "sufficient evidence favoring the non-moving party" such as would allow a jury to return a verdict in favor of that party. Id. at 249. Moreover, "factual disputes that are irrelevant or unnecessary will not be counted." Id.

    **B.    THERE IS NO EVIDENCE THAT PLAINTIFF WAS DETAINED BEYOND HIS RELEASE DATE AND, THUS, THERE WAS NO CONSTITUTIONAL DEPRIVATION**

"The detention of a prisoner beyond the termination of his sentence can state an Eighth Amendment violation if that detention occurs without penological justification." Douglas v. Murphy, 6 F. Supp. 2d 430, 431 (E.D. Pa. 1998)(citing Moore v. Tartlar, 986 F.2d 682, 686 (3d Cir. 1993)). For a prisoner to establish a violation of §1983 for being detained beyond his release date, plaintiff must establish three (3) elements:

> 1.  Plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be inflicted;
>
> 2.  Plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his/her response to the problem was a product of deliberate indifference to the prisoner's plight; and
>
> 3.  Finally, the plaintiff must show a causal connection between the official's response to the problem and the unjustified detention.

Id. at 686 (citations omitted).

In determining whether a violation has been shown, Courts must evaluate the scope of the official's duties and the role the official played in the workings of the prison. Id.

In the present case, notwithstanding plaintiff's protestations to the contrary, the Affidavit of Corrections Officer Lewis Donatelli (Exhibit "A") complied with the prison's discharge documents (Exhibit "A") which establish that the plaintiff was released on September 24, 2001, which was the "max out" date of his incarceration.

### III.     CONCLUSION

Given that evidence establishes that Gardner was released on his maximum release date of September 24, 2001, and not one week later as alleged in plaintiff's

Complaint, the Complaint should be dismissed with prejudice.

                                  DEVLIN AND DEVINE

                          BY: _____
                                David P. Karamessinis, Esquire
                                Attorney for Defendant
                                100 West Elm Street, Suite 200
                                Conshohocken, PA  19428
                                (610) 397-4635

N THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CLIFFORD GARDNER | : 2:CV-03816 |
| (PLAINTIFF) | : |
| vs. | : |
| | : |
| TODD BUSKIRK | : |
| (Defendant) | : |

### CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the enclosed Defendant, Todd Buskirk's Motion for Summary Judgment was sent to plaintiff, John Clifford Gardner (pro se) at his last known address on November 18, 2002 by United States first-class mail, postage pre-paid.

John Clifford Gardner
1600 Hanover Avenue
Allentown, PA  18109

                        DEVLIN AND DEVINE

                    By: _____
                         David P. Karamessinis, Esquire
                         Attorney for Defendant,
                         Warden Todd  Buskirk

                         Suite 200, 100 West Elm Street
                         Conshohocken, PA  19428
                         610-397-4635

Date: _____